[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO REARGUE AND CORRECT JUDGMENT DATED AUGUST 5, 1999, PLAINTIFF'S MOTION TO CLARIFY DATED AUGUST 5, 1999, AND DEFENDANT'S MOTION FOR CLARIFICATION AND TO CORRECT DATED AUGUST 6, 1999
The court makes the following additional findings and enters the following additional orders.
The present cash surrender value of the savings bonds is $34,800 and not $38,400. The plaintiff is awarded $7,200 of the current cash surrender value of the bonds. The balance of the bonds are awarded to the defendant.
There are various bonds held for the benefit of the parties' children that the court did not address to the memorandum of decision consisting of a bond with a face value of $500 for the minor child Valerie and a bond with a face value of $1,200 for the minor child Gregg. The court orders that the bond for the minor Valerie be in control of the defendant and the bond for the minor child Gregg be in control of the plaintiff.
The court awarded the defendant certain personal property set forth in Schedule A attached to his claims for relief. The court orders that there be added to that Schedule A the defendant's wedding ring and that therefore that item also is awarded to the defendant.
The $3,000 to $4,000 IRS tax refund check as well as the approximate $1,000 Connecticut tax refund check held by the plaintiff as testified to her on May 13, 1999 continued to be ordered to be divided equally between the parties. In addition there is a $150 refund check that the court did not address that the court also orders divided equally between the parties. CT Page 11599
The court also orders that the completion of the transfer date be changed to September 27, 1999.
Sidney Axelrod, Judge